# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3586

_____

| | | |
|---|---|---|
| Vicky S. Edmondson, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Arkansas. |
| | * | |
| Michael J. Astrue, Commissioner | * | [UNPUBLISHED] |
| Social Security Administration, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: July 19, 2010
Filed: July 23, 2010

_____

Before BYE, BOWMAN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Vicky S. Edmondson appeals from an order of the District Court[1] affirming the denial of disability insurance benefits and supplemental security income. Edmondson alleged disability since March 2004 from arthritis, depression, and pain in nearly every part of her body. After a May 2006 hearing, an administrate law judge (ALJ) found that (1) Edmondson's cognitive dysfunction, depression, and chronic lumbar

_____

[1]The Honorable James R. Marschewski, United States Magistrate Judge for the Western District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

strain and pain were severe impairments, but alone or combined did not meet or medically equal the requirements of any listing; (2) her subjective complaints were not fully credible; and (3) her residual functional capacity (RFC) for less than the full range of light work precluded her past relevant work, but did not preclude other jobs that a vocational expert identified in response to the ALJ's hypothetical. The Appeals Council denied review, and the District Court affirmed. Having carefully reviewed the record and considered Edmondson's arguments for reversal,[2] we affirm. See Davidson v. Astrue, 578 F.3d 838, 841–42 (8th Cir. 2009) (standard of review).

Specifically, we conclude that the ALJ's decision to find Edmondson's subjective complaints not entirely credible and to discount the cumulative testimony of her witnesses warrants deference because the decision is supported by several valid reasons. See Halverson v. Astrue, 600 F.3d 922, 932 (8th Cir. 2010) (stating that subjective complaints may be discounted based on inconsistencies in the record as a whole). We also reject Edmondson's assertions regarding the ALJ's (1) failure to develop the record, see id. at 933 (noting that an ALJ need order more medical examinations and tests only if the medical records presented to him contain insufficient evidence to determine if the claimant is disabled), and (2) decision to discount the mental RFC opinion of consulting neuropsychologist Vann Smith, see Charles v. Barnhart, 375 F.3d 777, 783 (8th Cir. 2004) (noting that generally, when a consulting physician examines the claimant only once, his opinion is not considered substantial evidence). Accordingly, we affirm.

_____

_____

[2]We decline to consider Edmondson's conclusory and, at times, irrelevant assertions. See Meyers v. Starke, 420 F.3d 738, 743 (8th Cir. 2005) (noting that to be reviewable, an issue must be presented in a brief with some specificity and that failure to do so can result in waiver).